RECEIVED
IN LAKE CHARLES, LA
FEB 2 0 2009
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **BOBBY POWERS, AKA BOBBY POWER**<br>**LA. DOC #457178** | **CIVIL ACTION NO. 08-1903**<br>**SECTION P** |
| VS. | **JUDGE MINALDI** |
| **TERRY TERRELL, WARDEN** | **MAGISTRATE JUDGE KAY** |

### *REPORT AND RECOMMENDATION*

*Pro se* petitioner Bobby Powers, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §§ 2241 and 2254 on November 26, 2008. Petitioner is incarcerated at the Allen Corrections Center, Kinder, Louisiana and by this action he attacks his 2006 conviction for a prison disciplinary rules infraction at that facility. According to the petitioner, this conviction resulted in the forfeiture of 180 days of accumulated good time credits. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

### *Background*

Petitioner is an inmate in the custody of the Louisiana Department of Corrections incarcerated at the Allen Corrections Center, Kinder, Louisiana. He is serving hard labor sentences totaling 10 years imposed following his conviction for possession with intent to distribute methamphetamines. Doc. 1, at 10 (D.P.S. & C. Corrections Services Master Record).

On March 15, 2006 petitioner was convicted of a prison disciplinary rules violation – Rule 30-C, Conspiracy – which resulted in the forfeiture of 180 days of accumulated good time credits, confinement to administrative segregation, and loss of telephone and canteen privileges for five months. Petitioner did not seek either administrative or judicial review of the disciplinary rules violation.[1]

Petitioner signed his original petition for *habeas corpus* on November 7, 2008. Doc. 1, at 9. It was mailed to the court on November 20, 2008, and received and filed on November 26, 2008. *Id.* at 15. Petitioner claims that he is "actually innocent" of the violation; that he was coerced into a plea of guilty[2]; that the prison disciplinary board imposed a penalty not authorized Louisiana law; and, that he was denied appeal rights. Doc. 5, ¶5.

## *Law and Analysis*

### *1. Limitations*

Petitioner is in custody pursuant to the judgment of a Louisiana court. He challenges the forfeiture of good time credits by Allen Corrections Center's disciplinary board which convicted him of a disciplinary rules violation. His petition is therefore governed by the provisions of 28 U.S.C. § 2254. *See Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002)

---

[1] Petitioner claims that the Department of Corrections policy prohibits appeals of disciplinary rules violations, however, that is clearly not the case, and is refuted by the exhibit petitioner has provided. Doc. 1, at 12-13. Contrary to petitioner's claim, the Department's Disciplinary Rules and Procedures for Adult Offenders clearly provide for review by the Secretary of "appeals from decisions of the Warden that resulted in an imposed or suspended sentence of one or more of the following penalties: 1. Disciplinary Detention; 2. Forfeiture of good time; . . . 4. A custody change to maximum . . . ." Doc. 1, at 13 (Disciplinary Rules and Procedures for Adult Offenders, 19).

Thus, petitioner was authorized to appeal the disciplinary rules conviction to the Secretary of the DOC; thereafter, he was authorized to seek judicial review in the appropriate district court. See La. R.S.15:1177.

[2] Petitioner claims that he was "coerced into a plea of guilty by a threat . . . ." Doc. 5, ¶ 5(b). However, elsewhere he maintains that he entered a plea of not guilty which resulted in the forfeiture of his right to appeal his sentence. *Id.* Petitioner does not explain this contradiction.

2

Since this petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 1999). 28 U.S.C. § 2244(d)(1) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. In the context of a prison disciplinary hearing, the one year limitations period commences on the date of the ruling at the disciplinary hearing when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" as provided by 28 U.S.C. § 2244(d)(1)(D). *Kimbrell*, 311 F.3d at 363-64.

Petitioner challenges the imposition of sanctions on March 15, 2006; he thus had one year from that date, or until on or about March 15, 2007, to file this federal *habeas corpus* petition. While the timely pendency of prison grievance procedures would have tolled the one-year period, *Kimbrell*, 311 F.3d at 364, petitioner, by his own admission, failed to avail himself of such procedures. His petition, filed in November 2008, is clearly time-barred.

## 2. *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in "rare and exceptional circumstances," be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th

Cir. 2006). As recently noted by the Supreme Court: "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S. Ct. 1079, 1085, 166 L. Ed. 2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005)). To the extent that petitioner implies that he was unaware of the applicability of federal limitations periods, or, that he misunderstood his rights to seek further review of his disciplinary hearing conviction, he is not thereby entitled to equitable tolling since "neither 'excusable neglect' nor ignorance of the law is sufficient to justify equitable tolling." *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002).

Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his federal *habeas* claim. Finally petitioner did not diligently pursue his rights. He waited until November 2008 – more than two and half years after the complained of state action – before seeking collateral review of his disciplinary conviction. The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(D). Equitable tolling does not apply.

### 3. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved

by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Lake Charles, Louisiana on February 19, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE